IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIAM R. JACKSON,　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　Petitioner,　　　:
　　　　　　　　　　　　　　　　:　　NO. 5:25-CV-00086-MTT-CHW
　　　　　VS.　　　　　　　　　:
　　　　　　　　　　　　　　　　:
Warden GREGORY SAMPSON,　　　:
　　　　　　　　　　　　　　　　:　　HABEAS PROCEEDINGS UNDER § 2241
　　　　　　　Respondent.　　　:　　BEFORE THE U.S. MAGISTRATE JUDGE

## ORDER

*Pro se* Petitioner William R. Jackson, a prisoner at Macon State Prison in Oglethorpe, Georgia, filed a petition for federal habeas corpus relief in the Southern District of Georgia. ECF No. 1 at 2. That Court transferred the action to the Middle District of Georgia. ECF No. 5. On May 28, 2025, Petitioner was ordered to pay the filing fee or to supplement his request to proceed *in forma pauperis* ("IFP") with a certified account statement. ECF No. 12. Because Petitioner has now paid the filing fee, Petitioner's motion to proceed IFP (ECF No. 4) and motion to deduct the filing fee from his account (ECF No. 14) are **DENIED** as moot. For the reasons set forth below, Petitioner's "Motion for Magistrate Judge Proceeding in Jury Matter" (ECF No. 17) is **DENIED** and Petitioner is ordered to recast his petition.

## PETITIONER'S MOTION FOR MAGISTRATE JUDGE PROCEEDING IN JURY MATTER

It is difficult for the Court to discern what exactly Petitioner is requesting from the Court with this motion. Petitioner states that he "brings this motion pursuant to 28 USC

636(c)(1)" and that there "is cause for the parties to consent to Magistrate Judge proceeding". ECF No. 17 at 1. Petitioner's "motion" could simply be an acknowledgement that he received the Court's May 15, 2025 Order referring this case to the Magistrate Judge, but there is nothing in Petitioner's "motion" that warrants a response from the Court at this early stage of litigation. Under 28 U.S.C. § 636(c)(1), all parties must consent to proceed before a magistrate judge. If this civil action ultimately proceeds beyond frivolity review, both the Petitioner and Respondent will have the opportunity to file notice of their consent to proceed before a magistrate judge.

Petitioner also contends that he has "served the respondent personally, Gregory Sampson, by Institutional-Mail-Delivery" and that the respondent "has never had responded to any claims over (5) years to the issue". ECF No. 17 at 1. Petitioner then states that "the above in good faith, is cause for the parties to consent to Magistrate Judge proceeding or Order the Respondent to answer the claim(s) fully" and asks the Court to grant his motion. *Id*. Petitioner is a prolific litigator who has filed more than fifteen federal lawsuits as a prisoner, many of which have been challenges to his state court convictions and subsequent parole revocations, and Petitioner has been repeatedly advised that prisoner litigation is subject to frivolity review prior to service upon any Respondent or Defendant. *See* Rule 4 of the Rules Governing Section 2254 Cases; 28 U.S.C. § 1915A(a). Therefore, to the extent that Petitioner moves that this Court immediately order the Respondent to file an answer to Petitioner's present Complaint, Petitioner's request is **DENIED** as premature.

## PRELIMINARY REVIEW AND ORDER TO RECAST

### I.    Standard Of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a federal court to screen a habeas petition prior to any answer or other pleading.  This Rule applies to habeas actions under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241.  See R. 1(b), Rules Governing § 2254 ("[T]he district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").  Rule 4 requires that the petition be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  R. 4, Rules Governing § 2254 Cases.

### II.    Procedural Background

Although Petitioner's current filings are short on detail, the Court's records show that Petitioner was convicted of armed robbery in October 1988 and sentenced to life in prison.  *Jackson v. Walker*, 4:07-cv-45-CDL, ECF No. 43 at 1, (M.D. Ga. December 3, 2007) (Report and Recommendation showing Plaintiff's criminal history at the time).[1] Petitioner was released on parole on July 30, 1999, and his parole was revoked on March 13, 2002.  *Id*. at 2. He was released on parole again at some point thereafter, but his parole was revoked once more on January 16, 2020, and he is currently imprisoned as a result of

---

[1] This Court has authority to take judicial notice of its own records.  *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).  The court may also take judicial notice "of the state and federal court proceedings in which [the prisoner] was convicted or attacked his conviction." *See Cunningham v. Dist. Attorney's Office for Escambia Cnty.,* 592 F.3d 1237, 1255 (11th Cir.2010).

that revocation. *See Jackson v. Walker*, 5:23-cv-420-MTT-MSH, ECF No. 1 at 1 (M.D. Ga. Oct. 24, 2023) (Petitioner's "Notice of Removal" showing date of parole revocation and extradition); Georgia Department of Corrections Offender Inquiry website, https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (last visited July 15, 2025).

Petitioner initiated the present civil action in the United States District Court for Southern District of Georgia using a standard court form for a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody". ECF No. 1 at 1. Petitioner attached an addendum in which he states he is bringing his "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2254 and 2241" and also "pursuant to 28 U.S.C § 2254 and/or § 2241 and Judicial Notice". *Id.* at 2 and 4. The Southern District of Georgia determined that "Petitioner claims he is not in custody pursuant to a judgment of conviction," and, therefore, "construe[d] his petition as arising under § 2241 for purposes of transferring this action." ECF No. 5 at 1 n.2.[2] A prisoner can challenge a parole revocation in a 28 U.S.C. § 2241 petition. *See Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) (per curiam) (citing *Thomas v. Crosby*, 371 F.3d 782, 788 (11th Cir. 2004). The Southern District of Georgia then left this Court "to consider whether re-characterization warnings under *Castro v. United States*, 540 U.S. 375, 381-83 (2003)[] are

---

[2] Regardless of what Petitioner claims, he is "in custody pursuant to a judgment of conviction." *See Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) (citation omitted) (holding that petitioner whose parole was revoked was "in custody pursuant to his original state conviction and sentence, despite the fact that his current incarceration resulted from an administrative proceeding of an executive branch agency instead of a court").

warranted". *Id*. Because a recharacterization of his complaint has occurred and out of an abundance of caution, this Court, is pursuant to *Castro*, **NOTIFYING** Petitioner that any subsequent habeas action he files challenging his present incarceration based upon his 2020 parole revocation, whether it be a § 2241 or § 2254 will be subject to the restrictions federal law places on "second or successive" habeas applications. *See* 28 U.S.C. § 2244(b); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[T]he cases in this circuit consistently recognize that prisoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255, however their petition is captioned… [and] a prisoner may not avoid gatekeeping under § 2244(b) or § 2255(h) by a mere change of caption") Consequently, the Court **ADVISES** Plaintiff that he may voluntarily dismiss his application, contest the recharacterization of his application as a § 2241, or amend his motion or petition so that it contains all of the § 2241 claims he believes he has.

## III.    Petitioner's Allegations

Petitioner states that around 2020 he served six months in an Illinois detention facility for a "traffic infraction". ECF No. 1 at 5. Petitioner states that rather than being released from confinement upon completion of that sentence, he was further detained then extradited to Georgia to face a parole revocation. *Id*. at 5-6. Petitioner complains that there was a "malicious use of process", that he was "kidnapped … for no cause by a fraudulent warrant only - purporting that he committed an armed robbery", and that he is "falsely imprisoned without cause". *Id*. at 4-6. It is unclear, however, whether Petitioner's habeas

claims are rooted in the 2020 extradition proceedings in Illinois, or in the parole revocation process in Georgia for which he is currently imprisoned, or both.

IV.    Analysis of Petitioner's Claims

The petition comingles claims regarding Petitioner's present incarceration for a parole revocation with arguments that he was wrongly extradited from Illinois following the completion of a criminal sentence in that state. For clarity, the Court will first address Petitioner's claims about his 2020 Illinois detention for extradition to Georgia and then will address Petitioner's claims as they relate to his parole revocation for which he is presently imprisoned.

*2020 Illinois Detention and Extradition*

Petitioner has filed numerous petitions and complaints in various courts contesting his March 2020 extradition from Illinois to Georgia. *See Jackson v. Nat'l Ass'n of Extradition Officials*, 3:22-cv-3048 (C.D. Ill. May 23, 2022) (§ 1983 claims dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Jackson v. State of Georgia*, 5:23-cv-420 (M.D. Ga. Nov. 3, 2023) (mandamus petition dismissed under three strikes provision of 28 U.S.C § 1915(g)); *Jackson v. Ward*, 1:24-cv-2193 (N.D. Ga. May 29, 2024) (§ 1983 claims dismissed under three strikes provision of 28 U.S.C § 1915(g)); *Jackson v. Chambers*, 6:21-cv-36 (S.D. Ga. July 1, 2021) (same). To the extent that Petitioner brings this application to challenge once again his 2020 detention in Illinois and extradition to Georgia, he cannot do so in a habeas action. "In the case of extradition, '[o]nce a fugitive has been brought within custody of the demanding state, legality of extradition is no longer

proper subject of any legal attack by him.'" *Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003), quoting *Siegel v. Edwards,* 566 F.2d 958, 960 (5th Cir.1978) (per curiam). "Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Harden*, 320 F.3d at 1299 (quoting *Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997)). Thus, "federal habeas corpus is not available to a person extradited in violation of his or her federally protected rights, even where the extradition itself was illegal." *Id.*

### Georgia Parole Revocation

Petitioner previously filed a 28 U.S.C. § 2254 action challenging the parole revocation for which he is currently imprisoned, and that civil action was dismissed without prejudice because Petitioner had not exhausted his state remedies. *Jackson v. Gillis*, 3:24-cv-26-DHB-BKE, ECF No. 18 (S.D. Ga. July 12, 2024) (Order adopting Report and Recommendation that petition be dismissed because Petitioner had an "pending state habeas corpus appeal in the Supreme Court of Georgia"). Nowhere in Petitioner's present complaint does he allege that he has now exhausted his state remedies. *See* ECF No. 1. Instead, Petitioner has omitted from his present complaint the pages from the standard court form that ask an applicant questions as to previous state court petitions, motions, and/or appeals. *See id*.

Because Petitioner is "a state prisoner in custody pursuant to the judgment of a state court," his Petition "is subject both to § 2241 *and* to § 2254, with its attendant restrictions."

*Thomas*, 371 F.3d at 785 (emphasis added) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1064 (11th Cir. 2003)); *see also id.* at 787 (finding no merit to petitioner's "argument that § 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings" through a § 2241); *Gaines v. Attorney Gen., Fla.,* 788 F. App'x 623, 627 (11th Cir. 2019) (per curiam) (citing *Medberry*, 351 F.3d at 1062 ("Habeas petitions filed under 28 U.S.C. § 2241 by state prisoners 'in custody pursuant to the judgment of a State court' are subject to the additional limitations of 28 U.S.C. § 2254 petitions."). Among the requirements and limitations of § 2254 is that a petitioner must exhaust available state remedies before pursuing a federal habeas petition. *See* 28 U.S.C. § 2254(b)-(c); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that administrative exhaustion is required "in all habeas cases"); *Thomas*, 371 F.3d at 787 ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); *Dill*, 371 F.3d at 1303 (citing *Medberry*, 351 F.3d at 1059–62) ("Because [petitioner] is still in custody of officials of the state pursuant to the judgment of a state court, his § 2241 petition must comply with § 2254's exhaustion requirement[.]").

To properly exhaust, Petitioner must have presented his claims to the highest court in the state, either on direct appeal or state collateral review. The state courts must be given one full round of appellate review of the grounds for relief, even if the review in the state supreme court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that exhaustion requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's

established appellate review process."); *Pope v. Rich*, 358 F3d 852, 853-854 (11th Cir. 2004). "Plainly, the purpose of the exhaustion requirement is to afford the state court 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Johnson v. Fla.*, 32 F.4th 1092, 1096 (11th Cir. 2022) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Because Petitioner has not demonstrated that he has exhausted his state court remedies, his present federal petition is subject to dismissal. *Id.* at 1095-96 (citations omitted) ("It is by now well established that a district court may not grant a [habeas] petition unless the petitioner has exhausted all available state remedies.").

V.    Order to Recast

If Petitioner wishes to proceed with this civil action, he is **ORDERED** to recast his Petition on the Court's standard form for § 2241 habeas applications and include detailed information regarding any motions, appeals, or state habeas petitions that he has filed challenging his 2020 parole revocation in any superior court, the Georgia Court of Appeals, the Supreme Court of Georgia, or any other appellate court, the case numbers of each, and the outcome of each case.[3] As the Court cannot review his 2020 extradition from Illinois, it would be frivolous for Petitioner to include any allegations as to that extradition. Furthermore, Petitioner has, through a federal habeas corpus civil action, previously

---

[3] If Petitioner has not yet exhausted his state remedies, he can request that this action be dismissed without prejudice to allow for such state court exhaustion. *See* Fed. R. Civ. P. 41(a)(1)(A) (a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment…"). Thus, Petitioner may file with this Court a request for voluntary dismissal so that he may then pursue his state remedies and this Court would dismiss Petitioner's action without prejudice.

challenged the 1989 armed robbery conviction from Gwinnett County that resulted in his life sentence. *See Jackson v. Gaither*, 1:93-cv-1760 (N.D. Ga. May 10, 1995) (denying habeas corpus petition); *Jackson v. Williams*, 1:05-cv-2016 (N.D. Ga. Aug 25, 2005) (dismissing habeas petition as unauthorized successive petition); *Jackson v. Williams*, 1:05-cv-2924 (N.D. Ga. Dec. 13, 2005) (same). Petitioner may not again attempt to challenge his underlying armed robbery conviction in the present civil action.[4] *See* 28 U.S.C. § 2244(b)(3)(A); *Holland v. Sec'y Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (finding that the district court is without jurisdiction to consider a second or successive petition on the merits and must dismiss it). Therefore, the recast petition should present allegations only as to Petitioner's present imprisonment in the Georgia Department of Corrections for a parole violation, and must provide the needed information regarding exhaustion of state remedies as to his parole revocation.

Petitioner must answer each question presented in the Court's standard § 2241 complaint form honestly, thoroughly, and completely. The amended petition will take the place of his original petition, and the Court will not consider the facts presented in the original petition. Any fact Petitioner deems necessary to his habeas claims as to his parole revocation should be clearly stated in his recast petition, even if Petitioner has previously alleged it in another filing. Petitioner should state his claims as simply as possible; he need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed.

---

[4] A review of court records on the U.S. District Web PACER Docket Report does not show that Plaintiff has received authorization from the Eleventh Circuit Court of Appeals to file a successive habeas challenge to his 1989 armed robbery conviction.

R. Civ. P. 8. *The recast complaint is limited to a length of ten (10) pages in its entirety.*

   VI.   <u>Conclusion</u>

      Petitioner's motion to proceed IFP (ECF No. 4) and motion to deduct the filing fee from his account (ECF No. 14) are **DENIED** as moot. Petitioner's "Motion for Magistrate Judge Proceeding in Jury Matter" (ECF No. 17) is **DENIED.** Petitioner is **ORDERED** to recast his petition on the Court's standard form as instructed. Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to recast his Petition. Petitioner must keep the Court advised of any change of address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.** There will be no service of process in this case until further order of the Court.

      The Clerk is **DIRECTED** to mail Petitioner the standard form for a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 marked with the case number for the above-captioned action for his use in complying with this Order.

      **SO ORDERED and DIRECTED**, this 16th day of July, 2025.

                            s/ Charles H. Weigle
                            Charles H. Weigle
                            United States Magistrate Judge