IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **WILLIAM R. JACKSON,** | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:25-CV-00086-MTT-CHW |
| VS. | : | |
| | : | |
| Warden **GREGORY SAMPSON,** | : | |
| | : | H ABEAS P ROCEEDINGS U NDER § 2241 |
| Respondent. | : | B EFORE THE U.S. M AGISTRATE J UDGE |

## ORDER

In accordance with the Court's previous order and instructions (ECF No. 19), *pro se* Petitioner William R. Jackson, a prisoner at Macon State Prison in Oglethorpe, Georgia, has filed an amended 28 U.S.C. § 2241 petition for a writ of habeas corpus (ECF No. 20). Petitioner has paid the filing fee.

Petitioner is challenging the January 16, 2020 revocation of his parole for which he is currently imprisoned. ECF No. 20 at 2, 7-8. Petitioner avers that he has pursued state appeals and/or habeas petitions prior to the filing of this federal habeas petition. *See id*. at 2-4; ECF No. 20-3; *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (per curiam) ("Before bringing a habeas action in federal court, however, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.").

Thus, it is **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in

compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall also be served on the *pro se* Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 5th day of August, 2025.

                                                  s/ Charles H. Weigle
                                                  Charles H. Weigle
                                                  United States Magistrate Judge