IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM R. JACKSON, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-00086-MTT-CHW |
| | : | |
| Warden GREGORY SAMPSON, | : | Proceedings Under 28 U.S.C. § 2241 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## **ORDER**

Pending before the Court are Petitioner's motion to compel judicial notice (Doc. 29) and request for ruling pending the failure of Respondent to answer, (Doc. 30). Both motions are without merit.

At the direction of the Court, Petitioner recast his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. (Docs. 19, 20). On August 5, 2025, the Court entered an order directing Respondent to file his response to the petition within 60 days. (Doc. 21). Instead of waiting for the response time to lapse, Petitioner filed the pending motions. In the first motion (Doc. 29), which Petitioner labeled as a motion to compel judicial notice, he appears to challenge Respondent's attorney's role in this case but fails to request any discernible relief. In the second motion (Doc. 30), Petitioner appears to request an anticipatory default judgment, which he contends would require the Court to order his release. Petitioner's motion fails for two reasons. First, Respondent's answer or other responsive pleading is not yet due. *See* (Doc. 21). Next, even if Respondent failed to respond to the petition, default judgment is not an available remedy in federal habeas

1

corpus cases. *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). Accordingly, Petitioner's pending motions (Docs. 29, 30) are **DENIED**.

    **SO ORDERED**, this 18th day of September, 2025.

                                            s/ Charles H. Weigle
                                            Charles H. Weigle
                                            United States Magistrate Judge