**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **WILLIAM R. JACKSON,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 5:25-cv-00086-MTT-CHW** |
| | : | |
| **Warden GREGORY SAMPSON,** | : | **Proceedings Under 28 U.S.C. § 2241** |
| **Respondent.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## ORDER

Pending before the Court are Petitioner's motion to strike (Doc. 37) and motion for hearing. (Doc. 38).

At the direction of the Court, Petitioner recast his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. (Docs. 19, 20). On August 5, 2025, the Court entered an order directing Respondent to file his response to the petition within 60 days. (Doc. 21). Respondent timely answered. (Doc. 33). Petitioner now says that he has not been served with Respondent's answer and asks the Court to strike the answer. (Doc. 37). Alternatively, he requests additional time to reply to the answer once it is received. (*Id*.).

Petitioner's motion (Doc. 37) is **GRANTED in part and DENIED in part**. While striking the timely answer is not proper, it appears that Respondent mailed Petitioner's copy of the answer and supporting exhibits to a previous address. *See* (Docs. 3; 33, p. 8; 34, p. 4). Respondent is advised to update his records to reflect Petitioner's current address (Doc. 26) and is directed to re-send the answer and supporting exhibits (Docs. 33, 34) to Petitioner by <u>November 17, 2025</u>. Respondent shall file a certificate of service to

1

document compliance with this Order. Petitioner shall have until <u>December 22, 2025</u>, to file any reply brief.

Petitioner has also filed a motion for hearing based upon the failure to receive the Respondent's answer and to address what he sees as an inherent unfairness in the proceedings so far. (Doc. 38). The Court has directed Respondent to correct his records and re-send the answer and supporting exhibits to Petitioner and provided a date certain for Petitioner to reply should he chose to do so. At this time, there is no procedural unfairness to address at an evidentiary hearing. Moreover, the docket makes clear that Petitioner is receiving the Court's orders and has ample ability and the opportunity to advocate for himself. Accordingly, Petitioner's motion for hearing (Doc. 38) is **DENIED**.

**SO ORDERED**, this 4th day of November, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge