IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM R. JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:25-CV-86 (MTT) |
| | ) |
| Warden GREGORY SAMPSON, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On November 4, 2025, United States Magistrate Judge Charles H. Weigle issued an Order (ECF 39) denying in part and granting in part Petitioner William R. Jackson's motion to strike the Respondent's answer (ECF 37) and denying his motion for hearing (ECF 38). ECF 18. Finding that the Respondent mailed a copy of his answer to a previous address for Jackson, the Magistrate Judge directed the Respondent to update his mailing records and to re-send the answer and supporting exhibits. *Id*. Jackson filed an Objection challenging the Magistrate Judge's decision. ECF 44.

Since the Magistrate Judge clearly acted within his statutorily granted authority in deciding a non-dispositive motion, the Court may only disturb his ruling when it is "shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A). "Clear error is a highly deferential standard of review." *Holton v. City Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing

court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district [judge] can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

In his Objection, Jackson apparently takes issue with substance of the Respondent's answer, arguing "the Respondent cannot refute honestly Ground One" and "cannot refute honestly Ground Two" of his recast petition. ECF 44 at 1. He argues that these "concrete issues … are intentionally disrupting the procedure for an evidentiary hearing." *Id*. Further, he argues that the Magistrate Judge "answer[ed] for" the Respondent in finding that "it appears that Respondent mailed Petititoner's copy of the answer and supporting exhibits to a previous address" (ECF 39 at 1), and claims that the Respondent committed "perjury and fraud upon the Court." ECF 44 at 2. Finally, Jackson maintains that the Magistrate Judge is "favoring clearly the Respondent" and that "for the Magistrate to grant additional time to Respondent without justification and proof respondent had not known of Petitioner's current address is prejudicial, miscarriage of justice, and non-waivable error." *Id*. at 3-4.

Upon review of the Order and Jackson's Objection, the Court finds no clear error in the Magistrate Judge's decision. First, Jackson's insistence that the Respondent cannot refute grounds in his amended petition does not constitute procedural unfairness that would require an evidentiary hearing. These are simply arguments that Jackson may raise in his reply. Second, contrary to Jackson's contentions, the Respondent

-3-

committed no perjury or fraud. The Respondent timely filed his answer with the Court and mailed it to Jackson's previous address. ECF 3, 33. This determination requires no speculation by the Court nor "answer" from the Respondent because it is clear from the face of the document. ECF 33-1 at 10. It is Jackson who is speculating that the Respondent would claim—although he has not—that the Respondent "was not aware of Petitioner's current address." ECF 44 at 2. Finally, as the Magistrate Judge already explained to Jackson, even if the Respondent failed to answer, "default judgment is not an available remedy in federal habeas corpus cases." ECF 31 at 1-2 (citing *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987)). Accordingly, the Court **OVERRULES** Jackson's Objection (ECF 44) to the Magistrate Judge's Order (ECF 39).

    **SO ORDERED**, this 24th day of November, 2025.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT