**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **WILLIAM R. JACKSON,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| v. | : | **Case No. 5:25-cv-086-MTT-CHW** |
| | : | |
| **Warden GREGORY SAMPSON,** | : | **Proceedings Under 28 U.S.C. § 2254** |
| | : | **Before the U.S. Magistrate Judge** |
| **Respondent.** | : | |
| | : | |

## <u>ORDER AND RECOMMENDATION</u>

Petitioner William R. Jackson commenced this 28 U.S.C. § 2254 federal habeas action to challenge his January 2020 parole revocation following a felony conviction in Illinois for Aggravated Driving While Licensed Revoked in February 2018. Petitioner raises three grounds for relief in his amended petition. As discussed below, it is **RECOMMENDED** that Petitioner's Section 2254 petition (Docs. 1, 20) be **DENIED**. Further, it is **RECOMMENDED** that the Court deny a certificate of appealability in its final order. It is also **RECOMMENDED** that the Court **DENY as moot** Petitioner's motions for declaratory judgment (Docs. 50, 51) and motion for immediate release. (Doc. 53). Lastly, it is **ORDERED** that Petitioner's motions to strike (Docs. 40, 46) Respondent's timely answer be **DENIED** and his motion for referral (Doc. 56) be **DISMISSED as premature**.

### BACKGROUND

### I.      Procedural Background

In October 1988, after a jury trial in the Superior Court of Gwinnett County, Petitioner was found guilty of one count of armed robbery. (Doc. 42-5, p. 28). Petitioner received a life sentence. (*Id.*). Petitioner appealed his conviction to the Court of Appeals of Georgia, which affirmed his

conviction. *Jackson v. State*, 199 Ga. App. 163, 404 S.E.2d 333 (1991); (Doc. 42-1). Petitioner was granted parole in October 2011. (Doc. 42-5, p. 20). At the request of Petitioner, his parole supervision was transferred to Illinois, and he waived his right to extradition. (Doc. 42-5, p. 23); (Doc. 42-7, p. 2).

In February 2018, Petitioner was convicted in Illinois of aggravated driving while license revoked and was sentenced in October 2019 to a term of one year in prison. (Doc. 42-5, pp. 20–21). Petitioner's parole was subsequently revoked in January 2020, and Petitioner was remanded to the Georgia Department of Corrections to serve the remainder of his life sentence for armed robbery. (*Id.*, pp. 20–22).

Petitioner challenged his parole revocation by filing a habeas corpus petition in the Superior Court of Tattnall County on August 13, 2020, raising four grounds for relief. (Doc. 42-2, pp. 1–11). Petitioner subsequently filed an amendment in which he raised two additional grounds. (Doc. 42-4). Following a February 2021 evidentiary hearing at which Petitioner presented his arguments, the Tatnall County Superior Court denied the habeas petition on January 22, 2024. (Docs. 42-5; 42-7). The Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause on September 17, 2024. (Doc. 42-8).

Petitioner timely filed this petition under 28 U.S.C. § 2254 raising three grounds for relief. (Doc. 20). Respondent filed his answer and response and brief in support, along with numerous exhibits in support thereof, on October 6, 2025. (Docs. 33, 34).[1] Following Respondent's answer and response, Petitioner has filed a motion to strike Respondent's answer (Doc. 46); two motions for declaratory judgment (Docs. 50, 51); a motion for immediate release (Doc. 53); a motion for

---

[1] Respondent initially sent these filings to the wrong address and, following the Court's Order (Doc. 39), sent the filings to Petitioner's correct address. (Docs. 41, 42).

referral of his pending motions to the United States Court of Appeals for the Eleventh Circuit (Doc. 56); and a motion for entry of default. (Doc. 57).

## II.      State Court Habeas Hearing

In his state habeas filing and subsequent amendment, Petitioner raised six total grounds for relief. In his first ground, Petitioner alleged that he was not served a governor's warrant and did not intelligently waive extradition from Illinois, which violated several of his rights under the Constitutions of the United States and Georgia. (Docs. 42-3, p. 6; 42-7, pp. 2–3). Petitioner alleged next that he did not receive a hearing regarding the parole violation in violation of his constitutional rights. (Docs. 42-3, p. 6; 42-7, p. 3). In his third ground for relief, Petitioner argued that he was denied due process and effective assistance of counsel and that he was falsely imprisoned because he was denied a parole revocation hearing although he had a life sentence. (Docs. 42-3, p. 7; 42-7, p. 3). Next, Petitioner alleged that he was denied due process and effective assistance of counsel and was falsely imprisoned and kidnapped due to being extradited to Georgia under the inmate identification number of a different "William Jackson". (*Id.*). In his fifth ground, Petitioner argued that the respondent in his state habeas action, Warden Brian Chambers, was colluding with the state parole board to commit fraud by failing to provide the appropriate hearings. (Docs. 42-4; 42-7, p. 3). Finally, Petitioner argued that he was falsely imprisoned without legal authority. (Docs. 42-4; 42-7, p. 4).

> The state habeas court found that all of Petitioner's grounds
>
> fail[ed] to state a claim upon which relief may be granted because they do not identify an applicable constitutional right which was allegedly violated during Petitioner's extradition from Illinois to Georgia based on parole violations in Georgia. *Cuyler v. Adams*, 449 U.S. 433 (1981). Furthermore, these grounds fail 'to state a claim for relief as Petitioner does not allege a specific violation of the limited

3

due process protections to be afforded a parolee in connection with a parole revocation. *Morrissey v. Brewer*, 408 U.S. 471 (1972).

(Doc. 42-7, p. 4)

The state habeas court further explained that Petitioner's argument that he did not intelligently waive extradition was meritless because he signed an application for transfer to Illinois that contained language by which Petitioner agreed he may be returned to Georgia if he failed to comply with the terms and conditions of his parole. (*Id.*). The state habeas court concluded that Petitioner could not have been denied effective counsel (a) because there is no right to counsel in parole revocation proceedings because those proceedings are not part of a criminal prosecution, and (b) because he proceeded *pro se* during the relevant period, he could not now claim ineffective assistance. (*Id.*, p. 6).

## STANDARDS OF REVIEW

### Deference to State Court Rulings

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, governs a district court's jurisdiction over federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2254(d). When a state court has previously denied relief, a federal court may grant relief under Section 2254(d) only where "the relevant state-court decision was either (1) contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of . . . clearly established Federal law as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000) (cleaned up). "A state court decision is 'contrary to' clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." *Putnam v. Head*, 268 F.3d 1223,

4

1241 (11th Cir. 2001) (citation omitted). Furthermore, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

## ANALYSIS

Petitioner has alleged three grounds for relief in his federal habeas petition. As discussed below, Petitioner is not entitled to relief under any of these grounds.

In his first ground of this federal habeas action, Petitioner alleges a "parole revocation in violation of state and federal due process and equal protections clauses done under color of state and federal laws." (Doc. 20, p. 7). Specifically, Petitioner asserts that he was entitled to timely notice of a preliminary and final hearing regarding his parole revocation. (*Id.*). Petitioner raised this ground before the state habeas court, and that court found Petitioner's arguments to be without merit. (Doc. 42-7, pp. 4–5). Respondent argues that the state habeas court's decision warrants deference because that decision was not an unreasonable determination of the facts or application of clearly established federal law.

The state habeas court found first that Petitioner failed to state a claim upon which relief may be granted because Petitioner did not identify an applicable constitutional right. (*Id.*, p. 4). The state habeas court explained that Petitioner was not entitled to any parole revocation hearing, pursuant to O.C.G.A. § 42-9-51(a), because Petitioner was convicted of aggravated driving while licensed revoked, a felony in Illinois. (*Id.*, p. 5). The Georgia parole statute states in relevant part that

5

> No final hearing shall be required or permitted if the parolee . . . has been convicted of or entered any form of guilty plea or plea of nolo contendere in any federal or state court of record to any felony crime . . . committed by the parolee . . . during a term of parole . . . and which new conviction results in imposition by the convicting court of a term of imprisonment, and, in such cases, the board **shall revoke the entire unexpired term of parole**.

O.C.G.A. § 42-9-51(a) (emphasis added).

As the emphasized language provides, Georgia's Board of Pardons and Paroles is required to revoke parole in the event of a felony conviction. Because Petitioner was convicted of a felony offense while on parole, he was not entitled to a parole revocation hearing. The state habeas court's finding that Petitioner was not entitled to a parole revocation hearing under the Georgia statute is consistent with a reasonable application of clearly established federal law as determined by the Supreme Court of the United States. In *Black v. Romano*, 471 U.S. 606, 612 (1985), the Supreme Court reasoned that the Court's decision in *Morrissey* did not require states to grant the parole board discretion to continue parole but only held that a hearing was required where such discretion exists. *See also United States v. Cornog*, 945 F.2d 1504, 1512 (11th Cir. 1991) (citing *Black*, and noting, "[t]here is, however, one situation in which the relevant facts are uncontested and there is no possibility of mitigation: when the parole board *must* revoke parole upon finding that the parolee has violated one of its conditions. In this instance, a final hearing is unnecessary").[2]

Furthermore, as the state habeas court explained, when Petitioner requested to transfer his parole to Illinois, he waived his right to extradition. As such, he "was not kidnapped, held hostage, denied his right to extradition, or denied the right to a parole revocation hearing." (*Id.*). Petitioner

---

[2] *Cornog* considered an earlier Georgia statute that afforded the Board of Pardons and Paroles some discretion not to enter an order of revocation following a felony conviction. *Cornog*, 945 F.2d at 1513, n.17.

6

has not shown that the state court unreasonably applied established federal law in its decision, and therefore, its decision warrants deference. This ground does not support federal habeas relief.

In his second and third grounds for federal habeas relief, Petitioner alleges a violation of the Extradition Act because he was taken without a pre-extradition hearing, contending that he has exhausted his remedies. (Doc. 20, p. 7). Respondent contends that Plaintiff fails to state a claim for relief in these two grounds. (Doc. 41-1, p. 7).

Petitioner's Grounds Two and Three do not raise a cognizable claim under Section 2254 because neither ground alleges that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. Regarding Ground Two, Petitioner merely reasserts the argument he unsuccessfully made to the state habeas court without arguing, or even identifying, how that decision was contrary to, or involved an unreasonable application of, clearly established federal law. *See* (Doc. 20, p. 8). Ground Three likewise fails because Petitioner is not challenging his detention. (*Id.*). Rather, he simply asserts that "Courts continue to apply exhaustion requirement for some reason. But this Court can confirm in this petition that[] Petitioner clearly exhausted his state remedies he pray." (*Id.*). As this ground is not a challenge to the validity of his conviction, it is not a cognizable ground in a federal habeas petition. *See Remeta v. Singletary*, 85 F.3d 513, 519 (11th Cir. 1996) (violations of the Interstate Agreement on Detainers "are not cognizable in habeas proceedings absent a showing that the violation prejudiced the rights of the accused by affecting or impugning the integrity of the fact-finding process").

### III.    Miscellaneous Motions

Also pending before the Court are six miscellaneous motions filed by Petitioner: two motions to strike Respondent's answer (Docs. 40, 46); two motions for declaratory judgment

(Docs. 50, 51); a motion for immediate release (Doc. 53); and a motion for referral of his pending motions to the Eleventh Circuit Court of Appeals. (Doc. 56).

Petitioner has previously filed a motion a strike (Doc. 37), which the Court granted in part and denied in part. (Doc. 39). In his first motion to strike, Petitioner stated that he had not been served with Respondent's answer and requested that the Court strike the answer. (Doc. 37). The Court found that striking the answer was not appropriate and ordered Respondent to resend the answer to Petitioner. (Doc. 39). Respondent complied with the Court's order and refiled his answer and exhibits. (Docs. 41, 42). Subsequent to the Court's order, but prior to Respondent's new filings, Petitioner filed a second motion to strike (Doc. 40) Respondent's first answer. Following Respondent's updated answer (Doc. 41), Petitioner filed a third motion to strike. (Doc. 46). As the Court has previously explained, striking Respondent's timely answer is not appropriate. (Doc. 39). As such, and in light of this report and recommendation, Petitioner's second and third motions to strike (Docs. 40, 46) are **DENIED**.

Petitioner has also filed two motions for declaratory judgment. (Docs. 50, 51). These motions seek relief that is not ordinarily provided in a Section 2254 action, and as a consequence of this Recommendation, it is **RECOMMENDED** that Petitioner's motions for declaratory judgment (Docs. 50, 51) be **DENIED as moot**. It is further **RECOMMENDED** that Petitioner's motion for immediate release (Doc. 53) be **DENIED**, as he is not entitled to relief under Section 2254.

Finally, Petitioner has filed a motion for referral of his pending motions to the Eleventh Circuit Court of Appeals. (Doc. 56). Because no final decision has been entered in Petitioner's case, this motion (Doc. 56) is **DISMISSED as premature**. Petitioner may appeal in the ordinary course of litigation, upon entry of judgment in this case.

**CONCLUSION**

As discussed above, it is **ORDERED** that Petitioner's motions to strike  Respondent's timely answer (Docs. 40, 46) be **DENIED as moot**, and that his motion for referral (Doc. 56) be **DISMISSED as premature**. Because Petitioner is not entitled to relief on the merits of any ground raised, it is **RECOMMENDED** that Petitioner's Section 2254 habeas petition (Docs. 1, 20) be **DENIED**. It is also **RECOMMENDED** that the Court **DENY as moot** Petitioner's motions for declaratory judgment (Docs. 50, 51) and motion for immediate release. (Doc. 53). Additionally, pursuant to the requirements of Rule 11 of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is further **RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for

9

failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

   **SO ORDERED AND RECOMMENDED**, this 26th day of June, 2026.

           s/ Charles H. Weigle
           Charles H. Weigle
           United States Magistrate Judge