**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **WILLIAM R. JACKSON,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-CV-86 (MTT)** |
| **Warden GREGORY SAMPSON,** | ) | |
| **Respondent.** | ) | |

**ORDER**

United States Magistrate Judge Charles H. Weigle recommends that William R. Jackson's habeas petition pursuant to 28 U.S.C. § 2254[1] (ECF 1; 20) be denied, that a certificate of appealability be denied, that Jackson's motions for declaratory judgment (ECF 50; 51) be denied as moot, and that Jackson's motion for immediate release (ECF 53) be denied.[2] ECF 58. Jackson has objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation de novo.

In his objection, Jackson reiterates Ground One of his habeas petition, arguing that he was never issued a Board warrant and never had a parole revocation hearing,

[1] Jackson asserts in his objection that his petition was recast "under § 2241 not § 2254 as captioned in Magistrate's current R&R." ECF 60 at 3. Although the Recommendation refers to the petition as being filed solely pursuant to 28 U.S.C. § 2254, Jackson originally referred to both 28 U.S.C. § 2254 and 28 U.S.C. § 2241 when he filed this case and recast his petition at the Court's direction on the Court's standard § 2241 form. ECF 1; 19 at 4, 11; 20. As the Magistrate Judge observed, however, Jackson may challenge his parole revocation in a § 2241 proceeding, but he is still subject to the requirements of 28 U.S.C. § 2254. *See, e.g., Dill v. Holt*, 371 F.3d 1301, 1302-03 (11th Cir. 2004); *see also* ECF 19 at 2.

[2] Since the Recommendation was issued, Jackson filed a motion for entry of default (ECF 59) and another motion for immediate release (ECF 62).

and thus his custody violates the Fourth and Fourteenth Amendments. ECF 60 at 5-7; *see* ECF 20 at 7. As noted by the Magistrate Judge, "Petitioner raised this ground before the state habeas court, and that court found Petitioner's arguments to be without merit." ECF 58 at 5 (citing 42-7 at 4–5). Jackson does not explain how the state habeas court's decision was an unreasonable determination of the facts or application of clearly established federal law given that the Board was required to revoke Jackson's parole due to his felony conviction in Illinois. *See* O.C.G.A. § 42-9-51(a).

In Jackson's recently-filed motion for entry of default (ECF 59), he argues that he is entitled to default judgment because "Respondent has not filed defensive pleading against the [motions for declaratory judgment], and therefor, declining Plaintiff's Request for Clerk's Entry of Default . . . is err[or]." *Id.* at 1. He also argues that he "has a clearly established right" to a declaration of the legality of the warrant issued by the Georgia Department of Corrections, "separate . . . from his § 2241 Application/Civil Action." *Id.* The denial of Jackson's habeas petition terminates this case, and Jackson's motion for a declaration that the GDC warrant was a "corrupt[] and fraudulent[] warrant to detain, arrest, and extradite petitioner" (ECF 50 at 1) is moot because the requested relief is duplicative of his habeas claim. The Respondent's failure to respond to Jackson's motion for declaratory judgment does not alter the mootness analysis and does not entitle Jackson to default.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 58) is **ADOPTED** and made the Order of the Court. Accordingly, Jackson's Section 2254 petition (ECF 1; 20) is **DENIED**, his motions for declaratory judgment (ECF 50; 51) are

**DENIED as moot**, his motion for immediate release (ECF 53) is **DENIED** and a certificate of appealability is **DENIED**. For the reasons set forth above, Jackson's motion for default judgment (ECF 59) is **DENIED** and his second motion for immediate release (ECF 62) is **DENIED** because he is not entitled to relief under Section 2254.

**SO ORDERED**, this 17th day of August, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT