**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **WILLIAM R. JACKSON,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **NO. 5:25-CV-00086-MTT-CHW** |
| **VS.** | : | |
| | : | |
| **Warden GREGORY SAMPSON,** | : | |
| | : | |
| **Respondent.** | : | |

**ORDER**

Pending before the Court is a motion filed by *pro se* Petitioner William R. Jackson seeking leave to proceed *in forma pauperis* on appeal. ECF No. 67. On August 17, 2026, the Court adopted the recommendation of the United States Magistrate Judge and dismissed Petitioner's federal habeas petition. ECF No. 63. This Court also adopted and reaffirmed the Magistrate's finding that Petitioner had failed to make a substantial showing of the denial of a constitutional right and denied a certificate of appealability ("COA"). *See id*. Because it has been found that Petitioner is not entitled to a COA, the motion to proceed *in forma pauperis* on appeal (ECF No. 67) could simply be denied as moot.

Nonetheless, the Court will address Petitioner's request to proceed *in forma pauperis* on appeal in further detail. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person

> who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis.* First, it must determine whether the petitioner is financially able to pay the filing fee required for an appeal. Petitioner's certified account statement (ECF No. 67-1) indicates that he is unable to pay the $605.00 appellate filing fee.

Next, the Court must determine if the petitioner has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A petitioner demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citation omitted), *overruled on other grounds by However v. Marks*, 993 F.3d 1353 (11th Cir. 2021). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir.

1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'"). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Petitioner has not submitted a statement of the issues he intends to appeal, as is required under Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the entire record in this case demonstrates that Petitioner's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). Petitioner has raised no issues with arguable merit. The appeal, therefore, is not brought in good faith.

For the reasons set forth, Petitioner's application to appeal *in forma pauperis* (ECF No. 67) is **DENIED**. Any further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit pursuant to Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

**SO ORDERED**, this 2nd day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT