**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **WILLIAM R. JACKSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-86 (MTT)** |
| | ) | |
| **Warden GREGORY SAMPSON,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

Pending before the Court is a motion filed by *pro se* Petitioner William R. Jackson seeking relief from the Court's denial of his habeas petition pursuant to 28 U.S.C. § 2254. ECF 71. On August 17, 2026, the Court adopted the recommendation of the United States Magistrate Judge and dismissed Jackson's federal habeas petition. ECF 63. This Court also adopted and reaffirmed the Magistrate's finding that Jackson had failed to make a substantial showing of the denial of a constitutional right and denied a certificate of appealability ("COA"). *See id.* On September 2, 2026, the Court denied Jackson's application to appeal in *forma pauperis* since he raised no issues with arguable merit. ECF 67.

Because Jackson's request for relief from judgment was not filed within twenty-eight days after the entry of judgment on August 19, 2026 (ECF 64) and challenges a decision on the merits, the motion is characterized as being brought under Federal Rule of Civil Procedure 60(b).

> Whether a party characterizes a post judgment motion as a Rule 59(e) motion or a Rule 60 motion, the chosen labeling is not controlling, and the court must determine under which provision to construe the motion. This Court has explained that, while Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute, Rule 60 applies to motions for reconsideration of matters collateral to the merits. If a motion for reconsideration is filed within 28 days of the entry of judgment and calls into question the validity of the judgment, it should be characterized as a Rule 59(e) motion regardless of how it is styled. Where a motion for reconsideration was not filed within 28 days of the judgment that it seeks to reopen, this Court construes it as falling under Rule 60(b).

*Griffin v. Philips*, No. 24-12502, 2024 WL 1502188, at *1 (11th Cir. May 27, 2025) (per curiam) (citations omitted).

Pursuant to Fed. R. Civ. P. 60(b), a court may relieve a party from a final order or judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud …; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Jackson argues that the Court's conclusion that a "hearing is unnecessary," "is in conflict with" *Duncan v. Ricketts*, 232 Ga 89 (1974) and *Morrissey v. Brewer*, 408 U.S. 489 (1972). ECF 71 at 1. However, the Recommendation considered *Morrissey*, stating that "the Court's decision in *Morrissey* did not require states to grant the parole board discretion to continue parole but only held that a hearing was required where such discretion exists." ECF 58 at 6; *see Black v. Romano*, 471 U.S. 606, 612 (1985).

Jackson also argues that the Court's judgment is contrary to the holding in *Duncan*. However, in *Duncan*, the question was whether revoking petitioner's parole without a hearing "due to his failure to appear in the City Court of Atlanta for alleged

traffic violations" was a due process violation. 232 Ga. at 90. The Court held that this did violate petitioner's constitutional rights since the traffic violation was not a misdemeanor nor a felony. *Id.* at 91-92. Here, in contrast, Jackson was convicted of aggravated driving while license revoked, a felony in Illinois. ECF 58 at 5. Therefore, because Jackson was convicted of a felony offense while on parole, he was not entitled to a parole revocation hearing, unlike the petitioner in *Duncan*. *Id.* at 6. Therefore, the Court's judgment is not in conflict with either *Morrissey* or *Duncan* and Jackson's request for relief from judgment (ECF 71) is **DENIED**.

**SO ORDERED**, this 18th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT